## Wintermeyer v. Benner et ux.

*Markowitz, Liverant & Ruch,* for plaintiff.
*John A. Hoober,* for defendants.

ANDERSON, J., May 24, 1948.—Defendants in this proceeding have filed a motion to quash a writ issued on a scire facias sur mechanics' lien. They also filed a demurrer but at the oral argument stated that they were relying solely on the motion to quash and did not argue the merits of the demurrer.

The sole reason assigned for quashing the writ is that it does not conform precisely with the form of writ prescribed by the act governing mechanics' liens in that it is made returnable to the third Monday of March, 1948, whereas the form set out in the act makes the return date the first Monday of . . . . . . . . . . next, which apparently is meant to designate the first Monday of the next month. Defendants argue that since the Mechanics' Lien Act is purely of statutory creation that all statutory requirements must be complied with strictly and quote abundant authority for this generally accepted view. The act under which this question arises is the amending Act of May 23, 1913, P. L. 307, and states that the proceedings to recover the amount of any claim as aforesaid shall be by writ of scire facias in the following form, namely:

"And Whereas, it is alleged that said sum still remains due and unpaid to the said . . . . . . . . . ., now we command you that you make known to the said. . . . . . . . . . . .that. . . . . . . . . . . .be and appear before the

judges of our said court, at a court of common pleas to be held at.............on the first Monday of ............, next, to show if anything............ know or have to say why the said sum of............ should not be levied of the said property, to the use of the said............., according to the form, decree, and effect of the Act of Assembly in such case made and provided if to them it shall seem expedient; also make known to said..........., if any defense........... have thereto, to file...........affidavit or affidavits of defense thereto, in the office of the prothonotary of the said court, within fifteen days after the return day of this writ, and that otherwise judgment may be entered against...........for the whole amount of the said claim, and the said property sold to recover the amount thereof; and have you then and there this writ."

Close scrutiny of this section indicates clearly that there was no intent on the part of the legislature to fix any specific definite time for the return date of writs of scire facias. The blank in the form indicates that the return day is to follow the existing rules in the respective counties of the State. Our rules of court, adopted December 1, 1927, establish our return days by rule 210, as follows: "The first, second, third and fourth Mondays of every month shall be return days for all writs including subpoenas in divorce." This rule of court followed the acts of assembly authorizing the courts to fix return days for writs and is obviously valid. It is apparent that the statute setting forth the form of the scire facias to be used in mechanics' liens did not intend nor undertake to limit the return day to those months when the day happened to be on the first Monday of the month but was only intended to prescribe the form of the writ in a general way. This conclusion is in accord with the generally accepted view. 12 Standard Pa. Practice §275 interprets the act as follows:

"While the statutory form of the writ of scire facias makes the writ returnable the first Monday of the month, it has been held that the statute does not limit the return day of a scire facias to the first Monday of the month only, but prescribes a general form of writ."

This question has been passed upon and similarly construed in Wallace & Warner v. Robinson, 3 D. & C. 516, and Kihm-Bowen Machine Co. v. Midwest Steel & Supply Co. et al., 3 D. & C. 755.

And now, to wit, May 24, 1948, for the reasons above set forth, it is ordered, adjudged and decreed that the motion to quash the writ is overruled and refused with an exception to defendants.